[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (Fuce, Jr.) appeals the decision of the Board of Review (the Board) that affirmed the decision of the Referee (see Exhibit 2).
The Referee in this case dismissed the claimant's, Fuce, Jr. appeal for lack of prosecution because the claimant did not attend the Referee's hearing. In support of Fuce, Jr.'s appeal from the Referee's decision he CT Page 15627 contends he did not appear at the Referee's scheduled hearing because of the previous scheduling of his wife's CAT scan and other appointments (see Exhibit 1).
The issue before the Board is whether the claimant has demonstrated good cause for failing to prosecute his appeal.
The appellant, Fuce, Jr., herein has filed his statutory appeal pursuant to § 31-249 (b) of the decision of the Board in denying his claim for unemployment benefits.
The Board filed the Record of Proceedings which included in pertinent part for this appeal:
1. Denial of Benefits on grounds claimant did not return to work and earn requalifying wages for 2nd Benefit Year per Connecticut Agency regulations 31-236-55 dated January 17, 2001.
2. Administrator's Exhibit #1 (Appeals Packet Transmittal including Administrator's determination dated January 29, 2001.)[1]
3. Notice of Hearing before Referee dated February 9, 2001.
4. Decision of Appeals Referee dated February 23, 2001.
The Board affirmed the decision of the Referee dated February 23, 2001.[2] The Board rendered its decision upon review of the appeals Referee decision.[3] The Board had before it the response of the claimant. The Board denied the appeal of the Referee which resulted in this appeal to the Superior Court.
The Administrator argues:
"The Superior Court, in hearing an unemployment compensation appeal under Conn. Gen. Stat. § 31-249b, does not hear the case de novo. The function of the court is to act as an appellate court to review the record certified and filed by the board of review. The Court must not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. The Court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the Board of Review adopted the findings and affirmed the decisions of the referee. [I]t is solely the function of the agency to weigh the CT Page 15628 evidence and assess the credibility of the witnesses.
"The court may go no farther than to determine whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. The findings may not be challenged absent the filing of a motion to correct the findings with the Board." (Citations omitted; internal quotation marks omitted)
The appellant in this case specifically stated to the Appeal Referee the reason he did not attend the hearing duly noticed was due to previous medically scheduled tests for his wife. He however specifically further stated he did not want the hearing rescheduled.[4] (See Exhibit 1). Further in his brief he asserts his rights that he claims he made at the commencement of this action.
This court cannot find that the Referee nor the Board acted unreasonably, arbitrarily nor illegally when the appeal was dismissed or the action of the Referee was affirmed by the Board.
This court, as did the Board of Review, may sympathize with the claimant but no place in the record does the claimant dispute the requirement of being employed in the subsequent year or earn the minimum amount of $500.00 or five times his benefit rate whichever is greater.
The appellant in this case did not appear at the time scheduled for a hearing without just cause and had specifically rejected any rescheduling.
A rehearing would be moot absent any evidence that the appellant could be found eligible for benefits in the subsequent year.
Appeal is denied.
By the Court,
Frank S. Meadow, J.T.R.